UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON

| | |
|---|---|
| ACTIFIO, INC., <br><br> Plaintiff, <br> v. <br><br> DELPHIX CORP., <br><br> Defendant. | CASE NO. 1:14-cv-13247-DJC <br><br> Leave to file granted on October 1, 2014 |

**ACTIFIO'S SURREPLY IN SUPPORT OF ITS OPPOSITION TO DELPHIX'S
MOTION TO DISMISS, STAY, OR TRANSFER THIS CASE**

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION .................................................................................................... | 1 |
| II. | DELPHIX'S NEW ARGUMENTS AND EVIDENCE ARE IMPROPER AND SHOULD BE DISREGARDED ................................................................... | 2 |
| III. | DELPHIX'S FAILED TO SHOW THE FIRST-FILED RULE IS APPLICABLE EVEN WITH ITS NEW ARGUMENTS AND EVIDENCE............................................................................................................ | 4 |
| IV. | DELPHIX CANNOT SAVE ITS FAILED MOTION WITH CONVENIENCE ARGUMENTS ............................................................................. | 6 |
| V. | CONCLUSION ......................................................................................................... | 8 |

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Abbott Labs. v. Johnson & Johnson, Inc.*,
   524 F. Supp. 2d 553 (D. Del. 2007), *aff'd*, 297 F. App'x 966 (Fed. Cir. 2008) ...................... 4

*Delphix v. Actifio*,
   5:13-cv-04613-BLF (Dkt. No. 50) ............................................................................................. 5

*Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*,
   No. 5-13-cv-04513, 2014 U.S. Dist. LEXIS 26382 (N.D. Cal. Feb. 28, 2014) ....................... 6

*Friends of Merrymeeting Bay v. Brookfield Power US Asset Mgmt., LLC*,
   No. 11-cv-35, 2013 U.S. Dist. LEXIS 5058 (D. Me. Jan. 14, 2013) ...................................... 3

*Garmin Ltd. v. TomTom, Inc.*,
   No. 2:06CV338, 2007 WL 708587 (E.D. Tex. Mar. 5, 2007) ................................................. 4

*Hooker Chem. & Plastics Corp. v. Diamond Shamrock Corp.*,
   87 F.R.D. 398 (W.D.N.Y. 1980) ............................................................................................... 4

*Idenix Pharms., Inc. v. Gilead Sciences, Inc.*,
   No. 13-cv-13052, Dkt. No. 39 (D. Mass. June 30, 2014) .................................................... 4, 5

*Intel Corp. v. Amberwave Sys., Corp.*,
   233 F.R.D. 416 (D. Del 2005) ................................................................................................... 4

*Napert v. Gov't Emples. Ins. Co.*,
   No. 13-10530, 2013 U.S. Dist. LEXIS 108077 (D. Mass. Aug. 1, 2013) ............................... 3

*PerfectVision Mfg., Inc. v. PPC Broadband, Inc.*,
   951 F. Supp. 2d 1083 (E.D. Ark. 2013) ................................................................................... 4

*Ramsey Grp., Inc. v. EGS Int'l, Inc.*,
   208 F.R.D. 559 (W.D.N.C. 2002) ............................................................................................. 4

*Riverbed Tech., Inc. v. Silver Peak Sys., Inc.*,
   No. 3-13-cv-02980, 2014 U.S. Dist. LEXIS 59382 (N.D. Cal. Mar. 14, 2014) ...................... 6

*Shipley Co., Inc. v. Clark*,
   728 F. Supp. 818 (D. Mass. 1990) ............................................................................................ 3

*Tric Tools, Inc. v. TT Technologies, Inc.*,
   No. 12-cv-2490, 2012 U.S. Dist. LEXIS 153820 (N.D. Cal. Oct. 25, 2012) ......................... 6

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
   No. C 12-05501 SI, 2014 WL 121640 (N.D. Cal. Jan. 13, 2014) ........................................... 6

**STATUTES**

Fed. R. Civ. P. § 6(c)(2) .................................................................................................... 1, 3

Fed. R. Civ. P. § 7(b)(1)(C) ................................................................................................... 1

**OTHER AUTHORITIES**

www.docketnavigator.com ..................................................................................................... 6

**RULES**

Mass. L.R. 7.1(b)(3) ............................................................................................................... 1

I.   INTRODUCTION

During a September 18, 2014 hearing in the California case, Delphix argued that the California court should usurp this Court's authority by deciding whether the claims pending here should proceed in California, regardless of this Court's ruling on Delphix's transfer motion. Pathmanaban Surreply Decl., Ex. 1 at 9:17-22 ("it's [Judge Freeman] who decides whether or not the Massachusetts case should proceed or this case, not the judge in Massachusetts"). Later that day the California court rejected Delphix's misstatement of the law, noting that it "will not interfere with the decision of the Massachusetts court." *Id.*, Ex. 2.

A few days later, Delphix attempted to cure the deficiencies in its initial briefing in this Court by seeking to file over *sixty* additional pages of *reply* briefing, including new evidence, in violation of the Federal Rules and the local rules of this Court.[1]  Actifio is reluctant to burden the Court with further briefing, and is aware of the Court's presumptive prohibition on reply briefs, much less sur-replies. But Actifio must briefly address the impropriety of Delphix's reply and why – even under Delphix's new legal theories and belated factual support – Delphix's motion remains futile. Many key issues before the Court are undisputed, including that:

(1) there is a strong presumption in favor of plaintiff's choice of forum;

(2) this presumption is even stronger where plaintiff files in its home forum, where it is headquartered and its employees and inventors reside, as is the case here;

(3) the Actifio Patents[2] asserted here and the patents asserted in California are "*unrelated*" as a matter of patent law and were developed by different companies and by different inventors;

---

[1]   Fed. R. Civ. P. 6(c)(2) ("Any affidavit supporting a motion must be served with the motion."); 7(b)(1)(C) ("The motion must … state with particularity the grounds for seeking the order."); *see also* Local 7.1(b)(3).

[2]   As in Actifio's opposition brief, "Actifio Patents" means U.S. Patent Nos. 8,299,944 (the "'9944 Patent") 8,788,769 (the "'769 Patent"); "IBM Patents" means U.S. Patent Nos. 6,959,369 (the "'369 Patent) and 6,732,244 (the "'244 Patent"); and "Delphix Patents" means

(4) the patents asserted here and the patents asserted in California require different claim construction analyses;[3]

(5) no patent asserted in California relates to the methods of storing compressed data in a hash table, as claimed and described in the '9944 patent asserted here; and

(6) no patent asserted in California describes or claims the methods of data synchronization between two different storage pools as claimed in the '769 patent asserted here.

Based solely on these undisputed facts, the Court can and should deny Delphix's motion.

In sum, not only has Delphix failed to demonstrate that the first-filed rule applies, but it also fails to demonstrate that judicial efficiency would be gained by transferring this case. As the California court explained, even if this case is transferred to California, there is no reason to believe that this case would be consolidated with the California case. *Id.* Ex. 1 at 9:11-12 ("I don't know that you'll be assigned to me, and I don't know that I'd relate it".) The California court is already concerned that "[the California] case is spinning out of control maybe, getting bigger than it should." *Id.* at 3:16-17. There is no gain in judicial efficiency to be had by denying Actifio the ability to enforce the patent rights its Massachusetts' based inventors developed in Actifio's Massachusetts offices. Delphix's motion to transfer should be denied.

## II. DELPHIX'S NEW ARGUMENTS AND EVIDENCE ARE IMPROPER AND SHOULD BE DISREGARDED

Delphix's initial motion invited the Court to rely on an expansive and unprecedented theory: that Delphix's California declaratory-judgment action (on patents that Actifio acquired

---

[2] U.S. Patent Nos. 8,150,808 (the "'808 Patent"), 8161,077 (the "'077 Patent"), 8,548,944 (the "'8944 Patent"), 8,566,361 (the "'361 Patent"), and 8,468,174 (the "'174 Patent").

[3] That the single term "point-in-time" appears in both patents (among numerous other terms) does not mean that there are common claim construction issues, particularly since construing those terms in the different patents would require review of entirely different intrinsic records. Regardless, neither party has identified "point-in-time" as a term needing construction in California. Moreover, "point-in-time" copies pre-date both Delphix patents and the Actifio patents; the phrase is a common and generic term which has ubiquitous usage in the in data storage field. See Declaration of P. Abercrombie [D.I. 27] at ¶10.

2

from IBM) precluded Actifio from filing suit in its home jurisdiction on unrelated patents that Actifio developed in-house, one of which only recently issued. There is no legal support for Delphix's original motion.

In reply, Delphix argues for the first time that "Delphix's timing and choice of forum for its declaratory judgment suit is *irrelevant* because under first-to-file principles it would have ended up in California no matter where it was originally filed given Delphix's earlier infringement suit against Actifio in that forum." *See* Reply Br. at 2.[4] In other words, Delphix contends that once it sued Actifio for infringement of Delphix's patents in California, that act deprived all other federal courts in the United States of jurisdiction over all future patent disputes between the two parties – regardless of (i) when the later patents issued, (ii) whether they were related to the patents at issue in California, or (iii) when the later suit was filed.

Delphix's new arguments on reply are improper and should be disregarded. *Napert v. Gov't Emples. Ins. Co*., No. 13-10530, 2013 U.S. Dist. LEXIS 108077, at *7-8 n.4 (D. Mass. Aug. 1, 2013) (an argument raised for the first time in reply is waived if it could have been raised in the initial brief). Likewise, Delphix's new evidence should be disregarded. Fed. R. Civ. P. 6(c)(2) ("Any affidavit supporting a motion must be served with the motion."); *Friends of Merrymeeting Bay v. Brookfield Power US Asset Mgmt*., LLC, No. 11-cv-35, 2013 U.S. Dist. LEXIS 5058, at *20-21 (D. Me. Jan. 14, 2013) (rejecting and striking new evidence submitted for the first time in reply). But even if the Court chooses to consider these new theories and evidence, Delphix's motion still fails.

---

[4] "Reply Br." refers to Delphix's Reply Brief in Support of its Motion to Dismiss, Stay, or Transfer this Case. All emphasis added unless otherwise noted.

### III. DELPHIX'S FAILED TO SHOW THE FIRST-FILED RULE IS APPLICABLE EVEN WITH ITS NEW ARGUMENTS AND EVIDENCE

Delphix failed to meet its burden to establish that this case and the California case involve sufficiently similar technology to justify application of the first-filed rule. *Shipley Co., Inc. v. Clark*, 728 F. Supp. 818, 823 (D. Mass. 1990) ("The burden is … on defendants to show that a transfer is warranted."). Delphix suggests that the Court reached its decision in *Idenix Pharms., Inc. v. Gilead Sciences, Inc.*[5] only because all patents were directed to the *same disease*. That is wrong. In *Idenix*, the Court found the first-filed rule applied because the two cases involved the *same technology* – the patents were all directed to one narrow solution for treating the same disease, by using (1) the *same class of molecules* ("2'-methyl nucleosides"), and (2) the *same mechanism* of "hinder[ing] the replication of HCV in the human body." *Idenix*, slip op. at 3, 6. Those facts are absent here, and Delphix's new evidence fails to create any factual similarities to *Idenix*. Delphix's expert fails to opine that the patents asserted in California address the same technological issues as the Actifio Patents, instead offering only to describe the technology "at a high level." Keller Reply Decl., ¶ 6.

The following facts remain undisputed:

> ***First***, one of the patents asserted here did not exist at the time Delphix filed its allegedly first-filed Complaint. In *Abbot*, the Court held (and the Federal Circuit affirmed) that the first-filed rule does not apply to later-issued patents, because jurisdiction of such patents did not exist at the time of filing of the allegedly first-filed complaint. *Abbott Labs. v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553, 557 (D. Del. 2007), *aff'd*, 297 F. App'x 966 (Fed. Cir. 2008).[6]

---

[5] No. 13-cv-13052, Dkt. No. 39 (D. Mass. June 30, 2014) (Casper, J.).

[6] Delphix's cases are distinguishable because each address an attempt by a plaintiff to amend its complaint to add another patent. *See* Reply Br. at 10 (citing *PerfectVision Mfg., Inc. v. PPC Broadband, Inc.*, 951 F. Supp. 2d 1083, 1093 (E.D. Ark. 2013); *Intel Corp. v. Amberwave Sys., Corp.*, 233 F.R.D. 416, 418-19 (D. Del 2005); *Ramsey Grp., Inc. v. EGS Int'l, Inc.*, 208 F.R.D. 559, 563 (W.D.N.C. 2002); *Hooker Chem. & Plastics Corp. v. Diamond Shamrock, Corp.*, 87

- *Second,* "data virtualization and backup" is a very broad area of technology. Opp at 1. P. Abercrombie Decl. [D.I. 27] ¶¶3, 4.

- *Third*, the only identified similarity between the patents asserted here and the patents asserted in California is that they involve "snapshots" (point-in-time copies) which are ubiquitous in data storage. Keller Reply Decl.,[7] ¶¶ 9-10, P. Abercrombie Decl. [D.I. 27] ¶ 10.

- *Fourth,* the '9944 patent asserted here involves technology that is absent from the California case - methods of storing compressed data in a hash table. Declaration of P. Abercrombie, [D.I. 27] ¶¶ 6, 9.[8]

- *Fifth*, no patent asserted in California describes or claims the methods of data synchronization between two different storage pools as claimed in the '769 patent asserted here. P. Abercrombie Decl. [D.I. 27] ¶ 11.

- *Sixth*, the Actifio Patents are *"unrelated"* to the California patents as a matter of patent law, and were . Reply Br. at 5; *Garmin Ltd. v. TomTom, Inc.*, No. 2:06CV338, 2007 WL 708587, at *3 (E.D. Tex. Mar. 5, 2007) (denying motion to transfer where the patents at issue "generally" related to the same technology but were not in the same family).

- *Last,* the California trade secret claim Delphix attempts to relate to this case was filed *after* Actifio filed this case, and there is no evidence that those claims are related to the patents asserted here. The *Idenix* holding does not apply here.

Delphix's motion should be denied and Actifio permitted to enforce the patents developed in Massachusetts by its engineers located in Massachusetts in the jurisdiction where it is headquartered and where it was founded.

---

F.R.D. 398, 402–03 (W.D.N.Y. 1980)). But leave to amend is not at issue here. Instead, this case involves Delphix's attempt to invoke the first-filed rule to deprive this Court of jurisdiction over a patent that did not exist when the California action was filed.

[7] "Keller Reply Declaration" refers to the Declaration of Dr. Arthur M. Keller in Support of Delphix's Motion to Dismiss, Stay, or Transfer this Case (Dkt. No. 30-1).

[8] Delphix and its expert misstate the record when they represent to the Court that "Actifio has previously argued that the IBM patents cover the same general technological space as the Delphix patents." Keller Reply Decl., ¶ 9. That is false. Actifio 's motion to relate two cases pending in the same district, before a case management conference had been held in either, simply stated that "both actions concern the same parties and substantially the same transactions and events." Pathmanaban Surreply Decl., Ex. 3, *Delphix v. Actifio*, 5:13-cv-04613-BLF (Dkt. No. 50) at 2.

## IV. DELPHIX CANNOT SAVE ITS FAILED MOTION WITH CONVENIENCE ARGUMENTS

Delphix concedes there is a "strong presumption in favor of plaintiff's choice of venue" Reply Br. at 11. Delphix's nonetheless introduces in reply new convenience arguments, but Delphix's newly presented arguments cannot overcome the law's "strong presumption" in Actifio's favor. *First*, Delphix's contends that Actifio is unlikely to obtain a stay in the California action. But stays pending *inter partes* review ("IPR") by the Patent Office are overwhelmingly granted in the Northern District of California. Indeed, a brief search of orders of such motions in Docket Navigator[9] reveals that the Northern District grants them (in whole or in part) over 87% of the time. Delphix's citation to a handful of inapposite outliers cannot change those numbers.[10] Actifio will promptly provide this Court notice of its IPR filings, which will occur in the next 12 days.

*Second*, Delphix's suggestion that stays are not granted in cases involving competitors or where the Patent Office has not yet instituted the IPR is inaccurate. The Northern District has stayed cases pending IPR in multiple cases involving "direct competitors" and prior to institution. *See, e.g.*, *Riverbed Tech., Inc. v. Silver Peak Sys., Inc.*, No. 3-13-cv-02980, 2014 U.S. Dist. LEXIS 59382, at *6 (N.D. Cal. Mar. 14, 2014) (staying case between direct competitors prior to institution of IPR).

---

[9] Docket Navigator is a research service that compiles, among other things, patent litigation orders from district courts. *See* www.docketnavigator.com.

[10] For example, in *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2014 WL 121640 (N.D. Cal. Jan. 13, 2014), the case was much further along than the pending California litigation between Delphix and Actifio—the Court had already issued a claim construction order and a trial date had been set. *Id.* at *1-2. Delphix cites *Tric Tools, Inc. v. TT Technologies, Inc.*, No. 12-cv-2490, 2012 U.S. Dist. LEXIS 153820, at *2 (N.D. Cal. Oct. 25, 2012), but that case does not address *inter partes* proceedings and instead concerns stays pending an *ex parte* reexamination.

*Third*, Delphix's argument that a stay will not issue based on the filing date of Actifio's IPRs is also wrong. Instead, the California district court has respected the statutory timeframe established by Congress for the filing of IPR petitions. *See, e.g.*, *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. 5-13-cv-04513, 2014 U.S. Dist. LEXIS 26382, at *13 (N.D. Cal. Feb. 28, 2014) (granting stay where party waited until the last day permitted by 35 U.S.C. § 315(b)).

*Finally*, the California district court does not share Delphix's concern that transfer is necessary to avoid "burdening … two juries with two duplicative litigations."[11] Reply. at 5. To the contrary, the California court is "very concerned that with so many patents, [the California] case is already signaling to [the Court] unmanageability for a jury." Pathmanaban Surreply Decl., Ex 1 at 19-20. The California district court emphasized that there was no guarantee that even if this case is transferred to California, it would be consolidated with the existing California action. *Id.* Ex. 1 at 9:11-12 ("I don't know that you'll be assigned to me, and I don't know that I'd relate it.") Since the California case is likely to be stayed, and there is no guarantee that this case would be consolidated in California, transferring this entirely separate dispute to that court will not promote judicial economy.[12]

Delphix's effort to transfer this case – involving unrelated patents developed by inventors in Massachusetts and different technology – into its home forum where it has already sued Actifio in two separate actions is intended to confer an unfair tactical advantage. The actions are distinct, and this Court should not permit Delphix to unfairly deprive a Massachusetts's based

---

[11] Delphix contends that Actifio is attempting to "hid[e] the whole story from a single court." Reply Br. at 1, 11. That is wrong. To the extent there is relevant and admissible evidence, the Court will ensure that the jury sees it.

[12] Delphix suggests that its trade secret claim would not be affected by a stay. Reply. Br. at 13. That argument cannot be reconciled with Delphix's representations that its trade secret claims purportedly present "overlapping issues" with its patent claims. *See, e.g.*, Reply Br. at 8-9.

corporation of its ability to timely enforce its patent rights in the jurisdiction where its heavy investment in innovation has occurred.

## V. CONCLUSION

WHEREFORE, Actifio respectfully requests that the Court deny Delphix's Motion to Dismiss, Stay, or Transfer this Case to California, and grant any other relief the Court deems appropriate and just.

Dated: October 1, 2014

Respectfully submitted,

/s/ *Steven J. Pacini*
Steven J. Pacini #676132
LATHAM & WATKINS LLP
John Hancock Tower, 20th Floor
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
Email: steven.pachini@lw.com

Maximilian A. Grant (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: max.grant@lw.com

S. Giri Pathmanaban (*pro hac vice*)
Yasamin Parsafar (*pro hac vice*)
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
Email: giri.pathmanaban@lw.com
Email: yasamin.parsafar@lw.com

Chi Cheung (*pro hac vice*)
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: chi.cheung@lw.com

Kyle A. Virgien (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: kyle.virgien@lw.com

David F. Kowalski (*pro hac vice*)
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
Facsimile: (858) 523-5450
Email: david.kowalski@lw.com

Attorneys for Plaintiff
ACTIFIO, INC.

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 1, 2014.

Dated: October 1, 2014                     /s/ *Steven J. Pacini*
                                                                         Steven J. Pacini #676132
                                                                         LATHAM & WATKINS LLP
                                                                         John Hancock Tower, 20th Floor
                                                                         200 Clarendon Street
                                                                         Boston, MA 02116
                                                                         Telephone: (617) 948-6000
                                                                         Facsimile: (617) 948-6001
                                                                         Email: steven.pacini@lw.com