IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACTIFIO, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>DELPHIX CORP.,<br><br>    Defendant. | C.A. No. 1:14-cv-13247-DJC<br><br><br>**FIRST AMENDED COMPLAINT – LEAVE TO FILE GRANTED ON APRIL 13, 2015** |

## FIRST AMENDED COMPLAINT

Plaintiff Actifio, Inc. ("Actifio"), for its First Amended Complaint against Defendant Delphix Corp. ("Delphix"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement.

## THE CONTROVERSY

2. Actifio was founded in 2009 by Ash Ashutosh and David Chang, recognized leaders in the field of data storage, with more than 40 years of combined experience.

3. Mr. Ashutosh and Mr. Chang are highly successful entrepreneurs having previously co-founded AppIQ in 2001, which was acquired by Hewlett-Packard in 2005. They again joined together in 2009 to found Actifio.

4. Under Mr. Ashutosh's and Mr. Chang's leadership, Actifio pioneered the concept of building a single, unified, data management product to transform the storage industry. Similar to companies like VMware and Microsoft with their server virtualization technologies, Actifio's pioneering and innovative technology allows companies that previously needed an array of

proprietary software and storage hardware to use Actifio's single, unified, and technically elegant product.

5. Actifio's investors are some of the largest and most successful venture capital and private equity investors in the industry with a proven track record of backing long-term market category leaders.

6. Actifio's innovation has garnered many accolades. Actifio has been recognized, for example, by Forbes magazine as one of the top 50 "most promising companies" in the United States.

7. Actifio invests heavily in developing intellectual property related to its innovative products and services. Actifio owns numerous patents and has many additional patent applications pending to protect its innovative and proprietary systems and methods.

8. Delphix has infringed and continues to infringe several Actifio patents, to Actifio's detriment.

## THE PARTIES

9. Actifio is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 333 Wyman Street, Waltham, Massachusetts 02451.

10. Delphix is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 275 Middlefield Road, Suite 50, Menlo Park, California 94025.

**JURISDICTION AND VENUE**

11. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12. Delphix maintains an office at 20-40 Holland St., Suite 404, Somerville, Massachusetts, which is within this jurisdiction, and, on information and belief, conducts infringing activity in this district, including at least actively soliciting customers for sales of infringing products or selling infringing products, and making or using infringing articles or methods.

13. This Court has personal jurisdiction over Delphix at least because it maintains substantial, continuous, general, and systematic business contacts in Massachusetts such that it could reasonably be expected to be haled into court in Massachusetts.

14. Actifio maintains its personal place of business within this district. On information and belief, evidence relevant to Delphix's infringement is located in this district, including at the office that Delphix maintains in Somerville, Massachusetts. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**GENERAL ALLEGATIONS**

15. Actifio is the owner, by assignment, of all right, title, and interest in U.S. Patent No. 8,299,944 (the "'9944 patent"), entitled "System and method for creating deduplicated copies of data storing non-lossy encodings of data directly in a content addressable store." The '9944 patent issued on October 30, 2012. The named inventor of the '9944 patent is Christopher A. Provenzano. A copy of the '9944 patent is attached as Exhibit A.

16.     Actifio is the owner, by assignment, of all right, title, and interest in U.S. Patent No. 8,788,769 (the "'769 patent"), entitled "System and method for performing backup or restore operations utilizing difference information and timeline state information." The '769 patent issued on July 22, 2014. The named inventors of the '769 patent are Philip Abercrombie, Madhav Mutalik, Christopher A. Provenzano, and Mark A. Roman. A copy of the '769 patent is attached as Exhibit B.

17.     Actifio is the owner, by assignment, of all right, title, and interest in U.S. Patent No. 8,904,126 (the "'126 patent"), entitled "System and method for performing a plurality of prescribed data management functions in a manner that reduces redundant access operations to primary storage." The '126 patent issued on December 2, 2014. The named inventors of the '126 patent are Ashutosh Ashutosh, David F. Chang, and Madhav Mutalik. A copy of the '126 patent is attached as Exhibit C.

18.     Delphix's "Agile Data Platform" products and services (the "accused products") are offered for sale and infringe the '9944, the '769, and the '126 patents (collectively, the "Patents-in-Suit").

19.     On information and belief, Delphix operates, advertises, and/or controls the website http://www.delphix.com, through which Delphix advertises, sells, offers to sell, provides, and/or educates customers about the accused products.

20.     Delphix's manufacture, use, sale, offer for sale, and/or importation of infringing products is damaging and will continue to damage Actifio, causing irreparable harm, for which there is no adequate remedy at law, unless Delphix's wrongful acts are enjoined by this Court.

**COUNT I**
**(Infringement of U.S. Patent No. 8,299,944)**

21. Actifio repeats the allegations in paragraphs 1-20 of this First Amended Complaint as if fully set forth herein.

22. Delphix has infringed, and is continuing to infringe, one or more claims of the '9944 patent, either literally and/or under the doctrine of equivalents.

23. Delphix has been and is currently directly infringing, and will continue to directly infringe, one or more claims of the '9944 patent by making, using, importing, offering to sell, and/or selling the accused products, in violation of 35 U.S.C. § 271(a).

24. On October 4, 2013, Delphix brought a patent infringement action against Actifio in the United States District Court for the Northern District of California alleging that Actifio infringed three Delphix-owned patents.

25. On March 5, 2014, Delphix filed a Declaratory Judgment action against Actifio in the United States District Court for the Northern District of California alleging that two Actifio-owned patents were not infringed by Delphix and were invalid.

26. On April 16, 2014, Actifio answered Delphix's Declaratory Judgment Complaint and asserted counterclaims of infringement. In its counterclaims, Actifio stated that it owns six patents and has many additional patent applications pending to protect its innovative proprietary systems and methods.

27. On information and belief, in the wake of ongoing patent litigation between the parties, Delphix has continuously monitored and reviewed Actifio's patent portfolio since at least April 16, 2014.

28. In the pending litigation in California, Actifio produced to Delphix copies of all of Actifio's patents and then-published applications, including a copy of the '9944 patent, on May 15, 2014. Delphix has had actual knowledge of the '9944 patent since at least that date.

29. Delphix has actively induced and contributed to the infringement of the '9944 patent by others by causing its customers to use the accused products, and will continue to do so.

30. Delphix has been and is currently inducing infringement of one or more claims of the '9944 patent, and will continue to do so, by encouraging customers and others to use the accused products in a manner that directly infringes one or more claims of the '9944 patent. Despite its knowledge of the existence of the '9944 patent since at least May 15, 2014, Delphix, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use the accused products in a manner that infringes one or more claims of the '9944 patent. Upon information and belief, Delphix has specifically intended and specifically intends that its customers use the accused products in a manner that infringes one or more claims of the '9944 patent by, at minimum, providing instructions and/or support documentation directing customers on how to use the accused products in such an infringing manner, in violation of 35 U.S.C. § 271(b).

31. Delphix has been and is currently contributing to the infringement of one or more claims of the '9944 patent, and will continue to do so. Upon information and belief, Delphix knows that the accused products are especially made and/or adapted for users to infringe one or more claims of the '9944 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use. Delphix's manufacture and sale of the accused products constitutes contributory infringement in violation of 35 U.S.C. § 271(c).

32.     On information and belief, Delphix has willfully infringed and continues to willfully infringe one or more claims of the '9944 patent despite its knowledge of the '9944 patent and despite an objectively high likelihood that the sale and use of the accused products would directly and indirectly infringe one or more claims of the '9944 patent.

33.     Actifio is entitled to recover from Delphix the damages sustained as a result of Delphix's infringing acts in an amount not yet determined.  Delphix's infringement of the '9944 patent will continue to damage Actifio, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II
### (Infringement of U.S. Patent No. 8,788,769)

34.     Actifio repeats the allegations of paragraphs 1-33 of this First Amended Complaint as if fully set forth herein.

35.     Delphix has infringed, and is continuing to infringe, one or more claims of the '769 patent, either literally and/or under the doctrine of equivalents.

36.     Delphix has been and is currently directly infringing, and will continue to directly infringe, one or more claims of the '769 patent by making, using, importing, offering to sell, and/or selling the accused products, in violation of 35 U.S.C. § 271(a).

37.     Delphix is currently inducing infringement of one or more claims of the '769 patent, and will continue to do so, by encouraging customers to use the accused products in a manner that directly infringes one or more claims of the '769 patent.  Despite its knowledge of the existence of the '769 patent, since at least the filing of this Complaint, Delphix, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use the accused products in a manner that infringes one or more claims of the '769 patent.  Upon information and belief, Delphix specifically intends that its customers use the

accused products in a manner that infringes one or more claims of the '769 patent by, at minimum, providing instructions and/or support documentation directing customers on how to use the accused products in such an infringing manner, in violation of 35 U.S.C. § 271(b).

38.     Delphix has been and is currently contributing to the infringement of one or more claims of the '769 patent, and will continue to do so.  Upon information and belief, Delphix knows that the accused products are especially made and/or adapted for users to infringe one or more claims of the '769 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use.  Delphix's manufacture and sale of the accused products constitutes contributory infringement in violation of 35 U.S.C. § 271(c).

39.     Actifio is entitled to recover from Delphix the damages sustained as a result of Delphix's infringing acts in an amount not yet determined.  Delphix's infringement of the '769 patent will continue to damage Actifio, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT III
### (Infringement of U.S. Patent No. 8,904,126)

40.     Actifio repeats the allegations of paragraphs 1-39 of this Complaint as if fully set forth herein.

41.     Delphix has infringed, and is continuing to infringe, one or more claims of the '126 patent, either literally and/or under the doctrine of equivalents.

42.     Delphix has been and is currently directly infringing, and will continue to directly infringe, one or more claims of the '126 patent by making, using, importing, offering to sell, and/or selling the accused products, in violation of 35 U.S.C. § 271(a).

43.     Delphix is currently inducing infringement of one or more claims of the '126 patent, and will continue to do so, by encouraging customers to use the accused products in

a manner that directly infringes one or more claims of the '126 patent. Despite its knowledge of the existence of the '126 patent, since at least the filing of this First Amended Complaint, Delphix, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use the accused products in a manner that infringes one or more claims of the '126 patent. Upon information and belief, Delphix specifically intends that its customers use the accused products in a manner that infringes one or more claims of the '126 patent by, at minimum, providing instructions and/or support documentation directing customers on how to use the accused products in such an infringing manner, in violation of 35 U.S.C. § 271(b).

44. Delphix has been and is currently contributing to the infringement of one or more claims of the '126 patent, and will continue to do so. Upon information and belief, Delphix knows that the accused products are especially made and/or adapted for users to infringe one or more claims of the '126 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use. Delphix's manufacture and sale of the accused products constitutes contributory infringement in violation of 35 U.S.C. § 271(c).

45. Actifio is entitled to recover from Delphix the damages sustained as a result of Delphix's infringing acts in an amount not yet determined. Delphix's infringement of the '126 patent will continue to damage Actifio, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Actifio demands a trial by jury on all issues properly triable to a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Actifio requests that the Court enter judgment in its favor and against Delphix, granting the following:

A. Judgment that Delphix has infringed one or more claims of each of the Patents-in-Suit;

B. Judgment that Delphix has induced others to infringe one or more claims of each of the Patents-in-Suit;

C. Judgment that Delphix has contributed to infringement by others of one or more claims of each of the Patents-in-Suit;

D. Judgment that Delphix's direct and indirect infringement of the '9944 patent has been willful;

E. An Order finding that Delphix's actions make this case exceptional under 35 U.S.C. § 285 and awarding Actifio its reasonable attorneys' fees;

F. An award of damages adequate to compensate Actifio for Delphix's infringement, under 35 U.S.C. § 284, as well as prejudgment and post-judgment interest;

G. An order preliminarily and permanently enjoining Delphix, its officers, agents, servants, employees, and attorneys, and all those persons acting in concert or participation with them from further acts of infringement of the Patents-in-Suit;

H. An award of treble damages for willful infringement of the '9944 patent;

I. An award of costs and expenses in this action; and

J. An award to Actifio of such further relief as this Court deems just and proper.

Dated: April 14, 2015

Respectfully submitted,

*/s/ Steven J. Pacini*
Steven J. Pacini
**COUNSEL FOR PLAINTIFF ACTIFIO, INC.**

Steven J. Pacini #676132
LATHAM & WATKINS LLP
John Hancock Tower, 20th Floor
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
Email: steven.pacini@lw.com

Maximilian A. Grant (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: max.grant@lw.com

S. Giri Pathmanaban (*pro hac vice*)
Yasamin Parsafar (*pro hac vice*)
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
Email: giri.pathmanaban@lw.com
Email: yasamin.parsafar@lw.com

Attorneys for Plaintiff
ACTIFIO, INC.

## LOCAL RULE 5.2(b) CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 14, 2015.

                                    */s/ Steven J. Pacini*
                                    Steven J. Pacini