**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

| | |
|---|---|
| Actifio, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Delphix Corp., <br><br> Defendant. | Case No. 1:14-cv-13247-DJC <br><br> **HON. DENISE J. CASPER** <br><br><br> **JURY TRIAL DEMANDED** |

## <u>AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT</u>

Defendant Delphix Corp. ("Delphix"), by and through its undersigned counsel, hereby submits its amended answer to Actifio, Inc.'s ("Actifio") First Amended Complaint (D.I. 67) ("Complaint") as follows:

### <u>NATURE OF ACTION</u>

1.     Delphix admits that Actifio purports that this is a civil action for patent infringement.

### <u>THE CONTROVERSY</u>

2.     Delphix admits that Ash Ashutosh founded Actifio in 2009.  Delphix lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 2 of the Complaint, and on that basis denies them.

3.     Delphix lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint, and on that basis denies them.

4.     Delphix denies the allegations in paragraph 4 of the Complaint.

5.     Delphix lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations in paragraph 5 of the Complaint, and on that basis denies them.

6.      Delphix lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint, and on that basis denies them.

7.      Delphix lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint, and on that basis denies them.

8.      Delphix denies the allegations in paragraph 8 of the Complaint.

## THE PARTIES

9.      Delphix admits that Actifio purports to be a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 333 Wyman Street, Waltham, Massachusetts 02451.

10.     Delphix admits that it is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 275 Middlefield Road, Suite 50, Menlo Park, California 94025.

## JURISDICTION AND VENUE

11.     Paragraph 11 contains legal conclusions to which no answer is required.

12.     Delphix admits that it maintains an office at 20–40 Holland St., Suite 404, Somerville, Massachusetts within this jurisdiction.  Delphix denies the remaining allegations in paragraph 12 of the Complaint.

13.     Paragraph 13 contains legal conclusions to which no answer is required.

14.     Delphix admits that Actifio maintains its personal place of business within this district.  Paragraph 14 contains legal conclusions to which no answer is required.  Delphix denies the remaining allegations in paragraph 14 of the Complaint.

**ANSWER TO ACTIFIO'S GENERAL ALLEGATIONS**

15.     Delphix admits that U.S. Patent No. 8,299,944 ("the '944 patent"), appears on its face to have the title "System and method for creating deduplicated copies of data storing non-lossy encodings of data directly in a content addressable store," an issue date of October 30, 2012, and lists Actifio as the assignee.  Delphix also admits that the '944 patent names on its face Christopher A. Provenzano as the inventor.  Delphix also admits that Exhibit A to the Complaint purports to be a copy of the '944 patent.

16.     Delphix admits that U.S. Patent No. 8,788,769 ("the '769 patent"), appears on its face to have the title "System and method for performing backup or restore operations utilizing difference information and timeline state information," an issue date of July 22, 2014, and lists Actifio as the assignee.  Delphix also admits that the '769 patent names on its face Philip Abercrombie, Madhav Mutalik, Christopher A. Provenzano, and Mark A. Roman as inventors. Delphix also admits that Exhibit B to the Complaint purports to be a copy of the '769 patent.

17.     Delphix admits that U.S. Patent No. 8,904,126 ("the '126 Patent"), appears on its face to have the title "System and method for performing a plurality of prescribed data management functions in a manner that reduces redundant access operations to primary storage," an issue date of December 2, 2014 and lists Actifio as the assignee.  Delphix also admits that the '126 Patent names on its face Ashutosh Ashutosh, Madhav Mutalik, and David F. Chang as inventors.  Delphix also admits that Exhibit C to the Complaint purports to be a copy of the '126 Patent.

18.     Delphix admits that its "Agile Data Platform" is offered for sale.  Delphix otherwise denies the remaining allegations in paragraph 18 of the Complaint.

19.     Delphix admits that it operates, advertises, and controls the website

http://www.delphix.com which includes information about the "Agile Data Platform." Delphix denies the remaining allegations in paragraph 19 of the Complaint.

20.     Delphix denies the allegations in paragraph 20 of the Complaint.

### ANSWER TO COUNT I (INFRINGEMENT OF U.S. PATENT NO. 8,299,944)

21.     Delphix restates its responses to allegations 1–20 of the Complaint above and incorporates them herein.

22.     Delphix denies the allegations in paragraph 22 of the Complaint.

23.     Delphix denies the allegations in paragraph 23 of the Complaint.

24.     Delphix admits that on October 4, 2013, it brought a patent infringement action against Actifio in the United States District Court for the Northern District of California alleging that Actifio infringes three Delphix-owned patents.

25.     Delphix admits that on March 5, 2014, it filed a Declaratory Judgment action against Actifio in the United States District Court for the Northern District of California alleging that Delphix does not infringe two purportedly Actifio-owned patents and that they are invalid.

26.     Delphix admits that on April 16, 2014, Actifio answered Delphix's Declaratory Judgment Complaint and asserted counterclaims of infringement. Delphix also admits that Actifio alleged to own six patents and other additional patent applications. Delphix lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 26 of the Complaint, and on that basis denies them.

27.     Delphix denies the allegations in paragraph 27 of the Complaint.

28.     Delphix admits that Actifio purports to have produced to Delphix a copy of the '944 patent on May 15, 2014 in the ongoing litigation in California. Delphix lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in

paragraph 28 of the Complaint, and on that basis denies them.

29.     Delphix denies the allegations in paragraph 29 of the Complaint.

30.     Delphix denies the allegations in paragraph 30 of the Complaint.

31.     Delphix denies the allegations in paragraph 31 of the Complaint.

32.     Delphix denies the allegations in paragraph 32 of the Complaint.

33.     Delphix denies the allegations in paragraph 33 of the Complaint.

## ANSWER TO COUNT II (INFRINGEMENT OF U.S. PATENT NO. 8,788,769)

34.     Delphix restates its responses to 1–33 of the Complaint above and incorporates them herein.

35.     Delphix denies the allegations in paragraph 35 of the Complaint.

36.     Delphix denies the allegations in paragraph 36 of the Complaint.

37.     Delphix denies the allegations in paragraph 37 of the Complaint.

38.     Delphix denies the allegations in paragraph 38 of the Complaint.

39.     Delphix denies the allegations in paragraph 39 of the Complaint.

## ANSWER TO COUNT III (INFRINGEMENT OF U.S. PATENT NO. 8,904,126)

40.     Delphix restates its responses to 1–39 of the Complaint above and incorporates them herein.

41.     Delphix denies the allegations in paragraph 41 of the Complaint.

42.     Delphix denies the allegations in paragraph 42 of the Complaint.

43.     Delphix denies the allegations in paragraph 43 of the Complaint.

44.     Delphix denies the allegations in paragraph 44 of the Complaint.

45.     Delphix denies the allegations in paragraph 45 of the Complaint.

## DEMAND FOR JURY TRIAL

Delphix admits that Actifio purports to demand a trial by jury on all issues so triable, but to the extent that there are any allegations and/or allegations in such demand, they are denied.

## RESPONSE TO PRAYER FOR RELIEF

The "Wherefore" paragraph and subparagraphs (A) through (J) in the Complaint state Actifio's Prayer for Relief, to which no answer is required.  To the extent an answer is required, Delphix denies the allegations and/or allegations in the Complaint's Prayer for Relief and denies that Actifio is entitled to any relief.

## GENERAL DENIAL

Delphix denies each and every allegation contained in the Complaint to which Delphix has not specifically responded or expressly admitted.

## ADDITIONAL DEFENSES

Delphix asserts the following additional defenses to the Complaint.  In doing so, Delphix does not assume any burden of proof on any issue that is Actifio's burden as a matter of law. Delphix also reserves the right to amend or supplement these defenses as additional facts become known.

## FIRST DEFENSE:  FAILURE TO STATE A CAUSE OF ACTION

The Complaint fails to state a cause of action against Delphix for which relief can be granted.

## SECOND DEFENSE:  NON-INFRINGEMENT ('944 PATENT)

Delphix has not infringed, and currently does not infringe, any valid claim of the '944 patent and is not liable for any infringement.

## THIRD DEFENSE:  INVALIDITY ('944 PATENT)

The '944 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. § 101 and one or more of 35 U.S.C. §§ 102, 103, and/or 112.

## FOURTH DEFENSE:  NON-INFRINGEMENT ('769 PATENT)

Delphix has not infringed, and currently does not infringe, any valid claim of the '769 patent and is not liable for any infringement.

## FIFTH DEFENSE:  INVALIDITY ('769 PATENT)

The '769 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. § 101 and one or more of 35 U.S.C. §§ 102, 103, and/or 112.

## SIXTH DEFENSE:  NON-INFRINGEMENT ('126 PATENT)

Delphix has not infringed, and currently does not infringe, any valid claim of the '126 Patent and is not liable for any infringement.

## SEVENTH DEFENSE:  INVALIDITY ('126 PATENT)

The '126 Patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. § 101 and one or more of 35 U.S.C. §§ 102, 103, and/or 112.

## EIGHTH DEFENSE:  ESTOPPEL

The relief sought by Actifio is barred, in whole or in part, under the doctrine of prosecution history estoppel due to amendments and/or statements made during prosecution of the '944 patent, '769 patent, or '126 Patent.

## NINTH DEFENSE:  DEDICATION TO THE PUBLIC

The relief sought by Actifio is barred, in whole or in part, because Actifio dedicated to the public all methods, systems, and products disclosed in the '944 patent, '769 patent, or '126 Patent but not literally claimed therein.

## TENTH DEFENSE:  UNAVAILABILITY OF INJUNCTIVE RELIEF

Actifio is not entitled to injunctive relief, as a matter of law, and cannot satisfy the requirements applicable to its request for injunctive relief in any form.

## ELEVENTH DEFENSE:  LIMITATION ON DAMAGES AND COSTS

Actifio's claim for damages is barred, in whole or in part, by 35 U.S.C. § 287.  To the extent any claims of Actifio's patents are invalid, Actifio is barred from recovering costs by 35 U.S.C. § 288.

## TWELFTH DEFENSE:  GOOD FAITH

Delphix has engaged in all relevant activities in good faith, thereby precluding Actifio, even if it prevails, from recovering its reasonable attorneys' fees or costs under 35 U.S.C. § 285.

## THIRTEENTH DEFENSE:  UNCLEAN HANDS

Actifio's claims and the relief requested are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTEENTH DEFENSE:  UNENFORCEABILITY

For the reasons set forth in greater detail below in Delphix's Counterclaims One and Two (paragraphs 25–58), which are incorporated by reference here, the claims of the '126 and '769 Patents are each unenforceable as a result of inequitable conduct before the United States Patent And Trademark Office ("USPTO") during prosecution of the '126 and '769 patent applications. As explained in more detail below, on information and belief, the applicants failed to comply with the duty of good faith and candor owed to the USPTO, by knowingly and deliberately failing to disclose information material to the patentability of the claims of the '126 and '769 Patents during prosecution, and but for such failures, the asserted claims of the '126 and '769 Patents would not have been allowed.  In addition, the named inventors of the '126 and '769 Patents submitted false declarations during prosecution, falsely asserting to be the inventors of the subject matter claimed in the '126 and '769 Patents.

## RESERVATION OF ADDITIONAL DEFENSES

Delphix reserves the right to assert additional defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

## COUNTERCLAIMS

Under Federal Rule of Civil Procedure 13, Defendant Delphix Corporation ("Delphix") for its Counterclaims against Plaintiff Actifio, Inc. ("Actifio") alleges as follows:

**PARTIES**

1**.**     Delphix is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 275 Middlefield Road, Suite 50, Menlo Park, California 94025.

2.     Upon information and belief, and as alleged in the Complaint, Actifio is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 333 Wyman Street, Waltham, Massachusetts 02451.

**JURISDICTION AND VENUE**

3.     Delphix counterclaims against Actifio pursuant to the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338, 1367, 2201, and 2202.

4,     Actifio has submitted to the personal jurisdiction of this Court by, without limitation, bringing the present action alleging infringement of the '944, '769, and '126 Patents.

5.     Venue as to these counterclaims is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1391(c).

6.     An actual controversy has arisen and now exists between Delphix and Actifio as to whether the '944, '769, and '126 Patents are valid, enforceable and/or whether Delphix infringes these patents.

**FACTUAL BACKGROUND**

7.     Since its founding in 2008, Delphix has and continues to invest heavily in the development of cutting edge data virtualization technology that provides great efficiencies both in terms of storage infrastructure and data accessibility.  Before Delphix and its solutions, when a software development team needed a copy of a database or a new instance of an application

release, they would have to wait for database administrators, storage administrators, and system administrators to allocate storage, network, and servers and then copy or restore the right data inside those systems.  Each copy would consume redundant infrastructure and require weeks of time to provision.  Delphix changed this.  Using Delphix software solutions, developers can easily and quickly provision "virtual" copies of databases and applications without relying on administrators and without the need for additional infrastructure.  The Delphix approach substantially reduces enterprise data redundancy and database downtime, and makes data available for multiple purposes in an instant.

8.      Delphix's innovative software is now used by dozens of major companies to reduce the cost and complexity of large scale data management.  Because of these technical advances, Delphix has received significant recognition and accolades including, for example, recently being named by Forbes magazine as one of America's Top 25 Most Promising Companies.

9.      From June 2008 to July 2009, Actifio's founder, Mr. Ash Ashutosh, served as a venture capital board member on the Board of Directors of Delphix.  Mr. Ashutosh was a partner with the venture capital firm Greylock Partners, one of Delphix's investors, at the time.

10.     As a member of Delphix's Board, Mr. Ashutosh requested and received Delphix's confidential information including detailed information about Delphix's product architecture, business strategies, financial information, and intellectual property strategy.  Mr. Ashutosh received this information pursuant to strict confidentiality obligations.

11.     While serving on the Board of Directors of Delphix, Mr. Ashutosh actively solicited information about and tracked Delphix's product development.  For example, at a board meeting in January of 2009, Mr. Ashutosh asked for a map of Delphix's intellectual property

strategy.  Shortly before a March 2009 board meeting, Mr. Ashutosh asked Delphix's CEO, Jedidiah Yueh, that the meeting cover, in detail, tangible milestones in the Delphix engineering organization.  Again, Mr. Ashutosh received Delphix's confidential information pursuant to strict confidentiality obligations.

12.     At the same time that Mr. Ashutosh was collecting confidential Delphix information, he was actively and secretly plotting the creation of Actifio which was to be founded and based on Delphix technology and business strategies.  Indeed, within weeks of soliciting details regarding Delphix's intellectual property and technology, Mr. Ashutosh incorporated Actifio in Delaware on April 14, 2009, while still on Delphix's Board of Directors. Mr. Ashutosh also attempted to secure funding for Actifio while on Delphix's Board of Directors.

13.     In May of 2009, Mr. Yueh was informed that Mr. Ashutosh was leaving Greylock Partners to start another company, and that he would be resigning from his position as a Director of Delphix.  Mr. Ashutosh told Mr. Yueh that his new project would be non-competitive.

14.     Early in June of 2009, Mr. Ashutosh and Mr. Yueh met to discuss Mr. Ashutosh's new project.  Mr. Yueh expressed concerns to Mr. Ashutosh that he was abusing his role as a fiduciary to Delphix and potentially funneling confidential information from Delphix to Actifio for the purpose of building Actifio's competing technology.  In response, Mr. Ashutosh assured Mr. Yueh that his new company was non-competitive and that he would keep all of Delphix's information confidential.  Based on Mr. Ashutosh's representations, Mr. Yueh believed that Mr. Ashutosh would not use or divulge Delphix's confidential information to Actifio or anyone else.

15.     Mr. Ashutosh resigned from Delphix's Board of Directors in July of 2009.  A

draft separation agreement between Mr. Ashutosh and Greylock Partners indicates that Mr. Ashutosh agreed not to disclose any confidential information relating to Greylock Partners, or any confidential information received from Greylock Partners' portfolio companies, such as Delphix, to third parties.

16.     In early February 2012, Mr. Yueh discovered that Actifio was marketing products infringing on technology developed by Delphix, and embodied in patent applications filed by Delphix and pending at the time.  On February 7, 2012, Mr. Yueh called Mr. Ashutosh to inform him that Actifio was infringing on technologies developed by Delphix, and described by Delphix's published patent applications, and that a suit could potentially be brought against Actifio.

17.     After failing to resolve the dispute through informal means and after several Delphix patents issued, on October 3, 2013 Delphix filed a patent suit in the Northern District of California (Case No. 5:13-cv-04631 (N.D. Cal.)) charging Actifio with patent infringement. That case is currently pending.

18.     In response to that lawsuit, on August 6, 2014 Actifio filed its Complaint here in Massachusetts asserting that Delphix infringes the '944 and '769 Patents.

19.     On April 14, 2015 Actifio filed its First Amended Complaint adding allegations that Delphix infringes the '126 Patent.

20.     On May 1, 2015 Actifio served and filed its Disclosure of Asserted Claims and Infringement Contentions in this action.  In this disclosure Actifio mapped the '126 and '769 Patents to Delphix's technology which not only predates the filing of the application of those patents, but was disclosed in confidence to Mr. Ashutosh while he was a member of the Delphix Board of Directors.  Actifio asserts in its infringement contentions that Delphix's storage and

replication process infringes the '126 and '769 patent.  In particular, Actifio accuses the process in Delphix's product (also described in Delphix's patents which predate Actifio's patents) wherein point–in–time copies of source application data is first stored on a storage subsystem.  This process involves the receipt and storage of an initial point-in-time image of source application data followed by subsequent receipt and storage of the incremental changes to source application data.  The point-in-time copies stored on the storage subsystem and incremental changes to them can then be replicated to a second storage subsystem.  Delphix's founder, Mr. Yueh, conceived of this accused technology in 2008 and Delphix disclosed this technology confidentially to Mr. Ashutosh as early as December 2008.  For example, in December 2008 Delphix provided in confidence to Mr. Ashutosh a document that disclosed the very incremental storage and replication technology Actifio now accuses of infringement.  *See, e.g.*, ACT00012786-824.

21.     Mr. Ashutosh retained this and other confidential Delphix information for use in developing Actifio's technology.  Moreover, he disseminated confidential Delphix information within Actifio, without any express or implied consent from Delphix.  On at least October 7, 2009, for example, Mr. Ashutosh, without any express or implied consent from Delphix, sent confidential PowerPoint slides from a Delphix Board of Directors meeting to David Chang, Vice President of Products for Actifio.  *See* ACT00013794.

22.     In September 2010 Delphix publically launched the Delphix Server—a product that includes the technology Actifio now accuses of infringing the '126 and '769 patents.

23.     With full knowledge of Delphix's product and underlying incremental storage and replication technology, Actifio and Mr. Ashutosh filed patent applications for the '126 and '769 patents on November 16, 2010—which Actifio alleges cover Delphix's technology.

14

24.     For these reasons and as explained below the '126 and '769 patent are invalid and unenforceable.

## COUNTERCLAIM COUNT ONE
### (Declaratory Judgment of Unenforceability of U.S. Patent Nos. 8,904,126)

25.     Delphix repeats the allegations in paragraphs 1-24 of these Counterclaims as if fully set forth herein.

26.     Actifio purports to be the owner of all right, title, and interest in the '126 Patent. Actifio has sued Delphix in the present action, alleging infringement of the '126 Patent.

27.     Ash Ashutosh and David Chang are both named inventors on the '126 Patent.

28.     The '126 Patent is unenforceable due to inequitable conduct committed during the prosecution of U.S. Patent Application No. 12/947,436 filed on November 16, 2010, that issued as the '126 Patent.

29.     During prosecution of the '126 Patent, the inventors, the assignee and their attorneys failed to disclose to, withheld from, and concealed from the United States Patent and Trademark Office ("USTPO") prior art that was highly material to the patentability of the claims of the '126 Patent, and which they knew and should have known would have been important to a reasonable examiner.  They have also submitted false declarations to the USPTO under oath. Upon information and belief, the applicants did that with an intent to deceive the USPTO.

**The Applicants Knew of Highly Material Prior Art But Failed to Provide It to the USPTO**

30.     The applicants knew of Delphix's technology that Actifio now alleges infringes the '126 Patent before and during prosecution of the '126 Patent.  They also knew and should have known that this technology was highly material prior art because "[t]hat which infringes, if later, would anticipate, if earlier." *Peters v. Active Mfg. Co.*, 129 U.S. 530 (1889); *see also Brown v. 3M*, 265 F.3d 1349, 1354 (Fed. Cir. 2001).

31.     As described above and incorporated herein by reference, as a member of Delphix's Board, Mr. Ashutosh repeatedly requested and received Delphix's confidential information including detailed information about Delphix's product architecture.

32.     As described above and incorporated herein by reference, Mr. Ashutosh also disseminated this information within Actifio.

33.     As early as 2008, before the '126 Patent was filed, Mr. Ashutosh was provided documents describing Delphix's incremental storage and replication technology that Actifio now accuses of infringing the '126 Patent.  *See, e.g.,* ACT00012008–20; ACT00013794.

34.     Mr. Ashutosh continued to track Delphix's product development after resigning from Delphix's Board of Directors in July 2009 and was aware of Delphix's launch of the Delphix Server in September 2010.  *See, e.g.,* ACT0822602.  Delphix publically disclosed the details of its innovative solution at the DEMO Conference in Santa Clara, California in September 2010, and its database virtualization product was lauded by the media.  On information and belief, the applicants as alleged "leaders in the field of data storage" (Complaint at ¶ 2) and given Mr. Ashutosh's past history with Delphix, had knowledge of Delphix's public launch and features of Delphix's products.  *See, e.g.*, ACT733705; ACT00733706–07; ACT0822602.  Mr. Ashutosh was also aware of public whitepapers, data sheets, technical specifications, product manuals, and related items that described Delphix's technology before November 16, 2010, the filing date of the '126 Patent.  *See, e.g.*, ACT733705; ACT00733706–07; ACT0822602.

35.     Further, Mr. Ashutosh and Actifio also knew in detail of Delphix's patents during prosecution of the '126 Patent.  Indeed, Actifio was on notice and knew about the patents Delphix asserted in the California action before the '126 Patent issued—that action was filed

before the '126 Patent issued and Actifio answered the complaint in that action before the '126 Patent issued.  Delphix's patents describe the incremental storage and replication technology Actifio now alleges infringes the '126 Patent.  For example, Delphix's U.S. Patent No. 8,150,808 ("the '808 Patent"), at issue in the California action, describes Delphix's incremental storage and replication technology that Actifio now accuses of infringing the '126 Patent.  *See, e.g.,*'808 Patent at Col. 24, ll. 4–23.

36.     Although the applicants knew about Delphix's technology, that they now assert is covered by the '126 Patent, knew of Delphix's patents that disclosed and claimed that technology and knew of numerous documents that describe that Delphix's technology, they failed to disclose any of it to the USPTO during prosecution of the '126 Patent.

**Mr. Ashutosh and His Co-Inventors Submitted False Declarations to the USPTO**

37.     During prosecution of the '126 Patent, Mr. Ashutosh and his co-inventors declared under oath that they are "the original and first inventor(s) of the subject matter which is claimed and for which [the '126] patent is sought."  Mr. Ashutosh and his co-inventors are not the original and first inventors of the subject matter of the '126 Patent—they derived the invention from confidential documents Mr. Ashutosh received as a member of Delphix's Board of Directors and from Delphix's technology and products.  The declarations of the inventors submitted to the USPTO during prosecution of the '126 Patent were false.

**The Applicants Failed to Disclose Known and Highly Material Prior Art and Submitted the False Declarations to the Patent Office with the Intent to Deceive**

38.     The only reasonable inference from the applicants' failure to disclose information regarding Delphix's technology, documents and patents to the USPTO was that the applicants intended to deceive the USPTO and the examiner.  Indeed, despite affirmative knowledge of Delphix's prior development, product launch, and patents—all of which describe, disclose and

include Delphix's incremental storage and replication technology—that Actifio alleges is covered by the '126 Patent—the applicants failed to provide and withheld from the patent examiner any reference to Delphix's prior developed technology and patents.  The applicants had knowledge of the materiality of Delphix's technology given that Actifio now accuses that same technology of infringing the claims of the '126 Patent.

39.     Upon information and belief, the applicants were motivated to conceal the Delphix prior art and to submit false declarations and intended to deceive the USPTO in order to secure allowance of their patents.  Upon information and belief, the applicants had strong financial and non-financial interests in obtaining the '126 Patent, as evidenced by this lawsuit and Actifio demanding monetary damages from Delphix for its purported infringement of the asserted patents.

**COUNTERCLAIM COUNT TWO**
**(Declaratory Judgment of Unenforceability of U.S. Patent Nos. 8,788,769)**

40.     Delphix repeats the allegations in paragraphs 1-39 of these Counterclaims as if fully set forth herein.

41.     Actifio purports to be the owner of all right, title, and interest in the '769 Patent. Actifio has sued Delphix in the present action, alleging infringement of the '769 Patent.

42.     The '769 Patent is unenforceable due to inequitable conduct committed during the prosecution of the U.S. Patent Application No. 12/947,393 filed on November 16, 2010, that issued as the '769 Patent and during prosecution of the application that issued as the '126 Patent.

43.     The '769 Patent was filed on the same day as the '169 Patent and claims substantially similar technology.  In fact, the specifications of the two patents are virtually identical.  The '769 Patent incorporates by reference the patent application that issued as the '126 Patent.  *See* '769 Patent at Col. 1, ll. 15–19.

44.     During prosecution of the '769 Patent, the inventors, the assignee and their attorneys failed to disclose to, withheld from, and concealed from the United States Patent and Trademark Office ("USTPO") prior art that was highly material to the patentability of the claims of the '769 Patent, and which they knew and should have known would have been important to a reasonable examiner.   They have also submitted false declarations to the USPTO under oath. Upon information and belief, the applicants did that with an intent to deceive the USPTO.

**The Applicants Knew of Highly Material Prior Art But Failed to Provide It to the USPTO**

45.     The applicants knew of Delphix's technology that Actifio now alleges infringes the '769 Patent before and during prosecution of the '769 Patent.   They also knew and should have known that this technology was highly material prior art because "[t]hat which infringes, if later, would anticipate, if earlier." *Peters v. Active Mfg. Co.*, 129 U.S. 530 (1889); *see also Brown v. 3M*, 265 F.3d 1349, 1354 (Fed. Cir. 2001).

46.     As described above and incorporated herein by reference, as a member of Delphix's Board, Mr. Ashutosh repeatedly requested and received Delphix's confidential information including detailed information about Delphix's product architecture.

47.     As described above and incorporated herein by reference, Mr. Ashutosh also disseminated this information within Actifio.

48.     As early as 2008, before the '769 Patent was filed, Mr. Ashutosh was provided documents describing Delphix's incremental storage and replication technology that Actifio now accuses of infringing the '769 Patent.   *See, e.g.,* ACT00012008–20; ACT00013794.

49.     Mr. Ashutosh continued to track Delphix's product development after resigning from Delphix's Board of Directors in July 2009 and was aware of Delphix's launch of the Delphix Server in September 2010.   *See, e.g.,* ACT0822602.   Delphix publically disclosed the details of its innovative solution at the DEMO Conference in Santa Clara, California in

September 2010, and its database virtualization product was lauded by the media.   On information and belief, the applicants as alleged "leaders in the field of data storage" (Complaint at ¶ 2) and given Mr. Ashutosh's past history with Delphix, had knowledge of Delphix's public launch and features of Delphix's products.   *See, e.g.*, ACT733705; ACT00733706–07; ACT0822602.   Mr. Ashutosh was also aware of public whitepapers, data sheets, technical specifications, product manuals, and related items that described Delphix's technology before November 16, 2010, the filing date of the '769 Patent.  *See, e.g.*, ACT733705; ACT00733706–07; ACT0822602.

50.     Further, Mr. Ashutosh and Actifio also knew in detail of Delphix's patents during prosecution of the '769 Patent.   Indeed, Actifio was on notice and knew about the patents Delphix asserted in the California action before the '769 Patent issued—that action was filed before the '769 Patent issued and Actifio answered the complaint in that action before the '126 Patent issued.   Delphix's patents describe the incremental storage and replication technology Actifio now alleges infringes the '769 Patent.  For example, Delphix's U.S. Patent No. 8,150,808 ("the '808 Patent"), at issue in the California action, describes Delphix's incremental storage and replication technology that Actifio now accuses of infringing the '769 Patent.  *See, e.g.*, '808 Patent at Col. 24, ll. 4–23.

51.     Although the applicants knew about Delphix's technology, that they now assert is covered by the '769 Patent, knew of Delphix's patents that disclosed and claimed that technology and knew of numerous documents that describe that Delphix's technology, they failed to disclose any of it to the USPTO during prosecution of the '769 Patent.

**The Inventors Submitted False Declarations to the USPTO**

52.     During prosecution of the '769 Patent, the inventors declared under oath that they are "the original and first inventor(s) of the subject matter which is claimed and for which [the

'769] patent is sought."   The inventors are not the original and first inventors of the subject

matter of the '769 Patent—they derived the invention from confidential documents Mr.

Ashutosh received as a member of Delphix's Board of Directors and from Delphix's technology

and products.   The declarations of the inventors submitted to the USPTO during prosecution of

the '769 Patent were false.

### The Applicants Failed to Disclose Known and Highly Material Prior Art and Submitted the False Declarations to the Patent Office with the Intent to Deceive

53.     The only reasonable inference from the applicants' failure to disclose information

regarding Delphix's technology, documents and patents to the USPTO was that the applicants

intended to deceive the USPTO and the examiner.   Indeed, despite affirmative knowledge of

Delphix's prior development, product launch, and patents—all of which describe, disclose and

include Delphix's incremental storage and replication technology—that Actifio alleges is

covered by the '769 Patent—the applicants failed to provide and withheld from the patent

examiner any reference to Delphix's prior developed technology and patents.   The applicants had

knowledge of the materiality of Delphix's technology given that Actifio now accuses that same

technology of infringing the claims of the '769 Patent.

54.     Upon information and belief, the applicants were motivated to conceal the

Delphix prior art and to submit false declarations and intended to deceive the USPTO in order to

secure allowance of their patents.   Upon information and belief, the applicants had strong

financial and non-financial interests in obtaining the '769 Patent, as evidenced by this lawsuit

and Actifio demanding monetary damages from Delphix for its purported infringement of the

asserted patents.

### COUNTERCLAIM COUNT THREE
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,299,944)

55.     Delphix repeats the allegations in paragraphs 1-54 of these Counterclaims as if

fully set forth herein.

56.     Actifio purports to be the owner of all right, title, and interest in the '944 Patent. Actifio has sued Delphix in the present action, alleging infringement of the '944 Patent.

57.     Delphix is not infringing, has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, or contributorily, or in any way, any valid claim of the '944 Patent.

58.     Thus, an immediate, real and justiciable controversy exists between Actifio and Delphix with respect to the alleged infringement of the '944 Patent.

59.     Delphix is entitled to a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid claim of the '944 Patent.

**COUNTERCLAIM COUNT FOUR**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,299,944)**

60.     Delphix repeats the allegations in paragraphs 1-59 of these Counterclaims as if fully set forth herein.

61.     Actifio purports to be the owner of all right, title, and interest in the '944 Patent. Actifio has sued Delphix in the present action, alleging infringement of the '944 Patent.

62.     Delphix denies that any claim of the '944 Patent is valid and asserts that the claims the '944 are invalid for failure to satisfy one or more requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

63.     Thus, an immediate, real and justiciable controversy exists between Actifio and Delphix with respect to the alleged validity of the '944 Patent.

64.     Delphix is entitled to a declaratory judgment that the claims of the '944 Patent are invalid.

## COUNTERCLAIM COUNT FIVE
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,788,769)

65.     Delphix repeats the allegations in paragraphs 1-64 of these Counterclaims as if fully set forth herein.

66.     Actifio purports to be the owner of all right, title, and interest in the '769 Patent. Actifio has sued Delphix in the present action, alleging infringement of the '769 Patent.

67.     Delphix is not infringing, has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, or contributorily, or in any way, any valid claim of the '769 Patent.

68.     Thus, an immediate, real and justiciable controversy exists between Actifio and Delphix with respect to the alleged infringement of the '769 Patent.

69.     Delphix is entitled to a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid claim of the '769 Patent.

## COUNTERCLAIM COUNT SIX
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,788,769)

70.     Delphix repeats the allegations in paragraphs 1-69 of these Counterclaims as if fully set forth herein.

71.     Actifio purports to be the owner of all right, title, and interest in the '769 Patent. Actifio has sued Delphix in the present action, alleging infringement of the '769 Patent.

72.     Delphix denies that any claim of the '769 Patent is valid and asserts that the claims of the '769 Patent are invalid for failure to satisfy one or more requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

73.     In particular, and in addition to being invalid under 35 U.S.C. §§102(a), (b), and (e), 103 and 112, the claims of the '769 Patent are invalid for failure to satisfy 35 U.S.C. §102(f). As explained above, to the extent Actifio's May 1, 2015 infringement contention reflect the

proper scope of the '769 Patent, Actifio derived the invention claimed in the '769 Patent from Delphix.

74.     Thus, an immediate, real and justiciable controversy exists between Actifio and Delphix with respect to the alleged validity of the '769 Patent.

75.     Delphix is entitled to a declaratory judgment that the claims of the '769 Patent are invalid.

## COUNTERCLAIM COUNT SEVEN
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,904,126)

76.     Delphix repeats the allegations in paragraphs 1-75 of these Counterclaims as if fully set forth herein.

77.     Actifio purports to be the owner of all right, title, and interest in the '126 Patent. Actifio has sued Delphix in the present action, alleging infringement of the '126 Patent.

78.     Delphix is not infringing, has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, or contributorily, or in any way, any valid claim of the '126 Patent.

79.     Thus, an immediate, real and justiciable controversy exists between Actifio and Delphix with respect to the alleged infringement of the '126 Patent.

80.     Delphix is entitled to a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid claim of the '126 Patent.

## COUNTERCLAIM COUNT EIGHT
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,904,126)

81.     Delphix repeats the allegations in paragraphs 1-80 of these Counterclaims as if fully set forth herein.

82.     Actifio purports to be the owner of all right, title, and interest in the '126 Patent. Actifio has sued Delphix in the present action, alleging infringement of the '126 Patent.

83.     Delphix denies that any claim of the '126 Patent is valid and asserts that the claims the '126 are invalid for failure to satisfy one or more requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

84.     In particular, in addition to being invalid under 35 U.S.C. §§102(a), (b), and (e), 103 and 112, the claims of the '126 Patent are invalid for failure to satisfy 35 U.S.C. §102(f).  As explained above, to the extent Actifio's May 1, 2015 infringement contention reflect the proper scope of the '126 Patent, Actifio derived the invention claimed in the '126 Patent from Delphix.

85.     Thus, an immediate, real and justiciable controversy exists between Actifio and Delphix with respect to the alleged validity of the '126 Patent.

86.     Delphix is entitled to a declaratory judgment that the claims of '126 Patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Delphix prays for judgment with respect to Actifio's Complaint and Delphix's defenses and counterclaims as follows:

a.     A judgment against Actifio and declaration in favor of Delphix that Delphix has not and does not infringe and is not liable for any infringement of any claim of any of the patents-in-suit;

b.     A judgment against Actifio and declaration in favor of Delphix that each and every claim of the Actifio patents-in-suit is invalid;

c.     A judgment against Actifio and declaration in favor of Delphix that each and every claim of the '126 Patent and '769 Patent is unenforceable;

d.     A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Delphix its reasonable attorneys' fees;

e.      For an award of costs to Delphix;

f.      Such other relief as the Court shall deem just and proper.

## **DEMAND FOR JURY TRIAL**

Delphix hereby requests a trial by jury on all issues so triable including specifically on Actifio's claims, Delphix's defenses thereto and Delphix's counterclaims.


Respectfully submitted,


By:   /s/ *Saina S. Shamilov*

*Of counsel:*
J. David Hadden
Email: dhadden@fenwick.com
Saina S. Shamilov
Email: sshamilov@fenwick.com
Ryan J. Marton
Email:  rmarton@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:      650.938.5200

Heather B. Repicky (BBO #663347)
Email:  hrepicky@nutter.com
NUTTER MCCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210
Telephone:  (617) 439-2000
Facsimile:    (617) 310-9000

Attorneys for Defendant
May 21, 2015                                   Delphix Corp.

**CERTIFICATE OF SERVICE**

I certify that, on May 21, 2015, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ *Saina S. Shamilov*