# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# BOSTON DIVISION

| | |
|---|---|
| ACTIFIO, INC., | Case No. 1:14-CV-13247-DJC |
| Plaintiff, | |
| v. | **HON. DENISE J. CASPER** |
| DELPHIX CORP., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## ACTIFIO'S ANSWER AND DEFENSES TO DELPHIX'S AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT

Plaintiff Actifio, Inc. ("Actifio"), by and through its undersigned counsel, hereby respectfully demands a trial by jury on all issues so triable and submits this Answer in response to the Counterclaims ("Counterclaims") filed by Delphix Corporation ("Delphix"). To the extent not specifically admitted herein, the allegations of the Counterclaims are denied. Actifio denies any allegations that may be implied by or inferred from the headings of the Counterclaims. Actifio denies each and every allegation contained in the Counterclaims to which Actifio has not specifically responded or expressly admitted below.

## PARTIES

1.     Actifio admits that Delphix purports to be a corporation organized and existing under the laws of Delaware, with its principal place of business at 275 Middlefield Road, Suite 50, Menlo Park, California 94025.

2.     Actifio admits that it is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 333 Wyman Street, Waltham, Massachusetts 02451.

## JURISDICTION AND VENUE

3.     Actifio admits that the Answer purports to raise counterclaims against Actifio under the patent laws of the United States. The remaining allegations of paragraph 3 contain legal conclusions to which no answer is required.

4.     Actifio admits that it has submitted to the personal jurisdiction of this Court by bringing the present action for patent infringement.

5.     Actifio admits that venue as to Delphix's counterclaims is proper in this judicial district.

6.     Paragraph 6 contains legal conclusions to which no answer is required.

## **FACTUAL BACKGROUND**

7. Actifio lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7, and on that basis denies them.

8. Actifio lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8, and on that basis denies them.

9. Actifio admits that its founder, Mr. Ash Ashutosh, served as a venture capital board member on the Board of Directors of Delphix from approximately June 2008 to July 2009. Actifio admits that Mr. Ashutosh was a partner with the venture capital firm Greylock Partners, one of Delphix's investors, at the time.

10. Actifio admits that Mr. Ashutosh received confidential information about Delphix during the period in which he served as a member of Delphix's board. Actifio denies the remaining allegations in paragraph 10.

11. Actifio admits that Mr. Ashutosh received Delphix's confidential information pursuant to confidentiality obligations. Actifio denies the remaining allegations in paragraph 11.

12. Actifio admits that it was incorporated in Delaware on April 14, 2009, while Mr. Ashutosh was still on Delphix's Board of Directors, and that Mr. Ashutosh solicited investments during that time. Actifio denies the remaining allegations of paragraph 12.

13. Actifio admits that in May of 2009, Mr. Yueh was informed that Mr. Ashutosh was leaving Greylock Partners to start another company, and that he would be resigning from his position as a Director of Delphix. Actifio denies the remaining allegations in paragraph 13.

14. Actifio admits that early in June of 2009, Mr. Ashutosh and Mr. Yueh discussed Mr. Ashutosh's new project. Actifio denies the remaining allegations in paragraph 14.

15. Actifio admits that Mr. Ashutosh resigned from Delphix's Board of Directors on or about July 2009. Actifio admits that Mr. Ashutosh agreed not to disclose any confidential

information of Greylock Partners or its portfolio companies.  Actifio denies the remaining allegations in paragraph 15.

16.     Actifio admits that Mr. Yueh called Mr. Ashutosh on or about February 7, 2012. Actifio denies the remaining allegations in paragraph 16.

17.     Actifio admits that Delphix filed a suit alleging patent infringement against Actifio in the Northern District of California (Case No. 5:13-cv-04631) on October 4, 2013. Actifio admits that this case is currently pending.  Actifio denies the remaining allegations in paragraph 17.

18.     Actifio admits that it filed its Complaint in this case on August 6, 2014, asserting that Delphix infringes U.S. Patent Nos. 8,788,769 (the "'769 patent") and 8,299,944 (the "'9944 patent").  Actifio denies the remaining allegations in paragraph 18.

19.     Actifio admits that it filed its First Amended Complaint on April 14, 2015, in which it asserted U.S. Patent No. 8,904,126 (the "'126 patent").

20.     Actifio admits that it served and filed its Disclosure of Asserted Claims and Infringement Contentions on May 1, 2015.  Actifio denies the remaining allegations in paragraph 20.

21.     Actifio admits that Mr. Ashutosh retained documents that he received as a Board member of Delphix, as he was entitled to do.  Actifio admits that Mr. Ashutosh sent certain slides to Mr. Chang, but to no one else.  Actifio denies that Mr. Ashutosh retained those slides for purposes of using them for Actifio and further denies that any information from any slide describes or embodies products or intellectual property that Actifio created.  Actifio denies the remaining allegations in paragraph 21.

22.     Actifio lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22, and on that basis denies them.

23. Actifio admits that it filed the application for the '126 patent on November 16, 2010. Actifio admits that it filed the application for the '769 patent on November 16, 2010. Actifio admits that it alleges that the '126 and '769 patents cover Delphix's current technology. Actifio denies the remaining allegations in paragraph 23.

24. Actifio denies the allegations set forth in paragraph 24.

## Counterclaim Count One
### (Declaratory Judgment of Unenforceability of U.S. Patent Nos. 8,904,126)

25. Actifio restates its responses to paragraphs 1-24 above and incorporates them herein.

26. Actifio admits that it is the owner of all right, title, and interest in the '126 patent. Actifio admits that it has sued Delphix in the present action, alleging infringement of the '126 patent.

27. Actifio admits that Mr. Ashutosh and Mr. Chang are both named inventors on the '126 patent.

28. Actifio admits that U.S. Patent Application No. 12/947,436, filed on November 16, 2010, issued as the '126 patent. Actifio denies the remaining allegations in paragraph 28.

29. Actifio denies the allegations in paragraph 29.

30. Actifio denies the allegations in paragraph 30.

31. Actifio admits that Mr. Ashutosh received confidential information about Delphix during the period in which he served as a member of Delphix's Board. Actifio denies the remaining allegations in paragraph 31.

32. Actifio admits that Mr. Ashutosh sent Mr. Chang a few slides for the purpose of use as a non-substantive PowerPoint template. Actifio denies the remaining allegations in paragraph 32.

33. Actifio admits that Mr. Ashutosh received documents describing Delphix

technology as early as 2008. Actifio denies that Mr. Ashutosh received any documents that describe the technology claimed in the '126 or the '769 patents. Actifio denies the remaining allegations in paragraph 33.

34. Actifio admits that Mr. Ashutosh was aware of certain documents describing Delphix's technology prior to the November 16, 2010 filing date of the '126 patent. Actifio denies the remaining allegations in paragraph 34.

35. Actifio admits that, as of October 2013, it learned of the Delphix patents that were asserted in the Northern District of California. Actifio denies the remaining allegations in paragraph 35.

36. Actifio admits that Mr. Ashutosh and Mr. Chang were aware of Delphix's technology and patents during the prosecution of the '126 patent. Actifio denies the remaining allegations in paragraph 36.

37. Actifio admits that Mr. Ashutosh and his co-inventors declared under oath that they are "the original and first inventor(s) of the subject matter which is claimed and for which [the '126] patent is sought." Actifio denies the remaining allegations of paragraph 37.

38. Actifio denies the allegations in paragraph 38.

39. Actifio denies the allegations in paragraph 39.

### Counterclaim Count Two
### (Declaratory Judgment of Unenforceability of U.S. Patent Nos. 8,904,126)

40. Actifio restates its responses to paragraphs 1-39 above and incorporates them herein.

41. Actifio admits that it is the owner of all right, title, and interest in the '769 patent. Actifio admits that it has sued Delphix in the present action, alleging infringement of the '769 patent.

42. Actifio admits that U.S. Patent Application No. 12/947,393, filed on November

16, 2010, issued as the '769 patent and during the prosecution of the application that issued as the '126 patent. Actifio denies the remaining allegations in paragraph 42.

43. Actifio admits that the application for the '769 patent was filed on the same day as the application for the '126 patent. Actifo admits that the '769 patent incorporates by reference the patent application that issued as the '126 patent. Actifio denies the remaining allegations in paragraph 43.

44. Actifio denies the allegations in paragraph 44.

45. Actifio denies the allegations in paragraph 45.

46. Actifio admits that Mr. Ashutosh received confidential information about Delphix during the period in which he served as a member of Delphix's Board. Actifio denies the remaining allegations in paragraph 46.

47. Actifio admits that Mr. Ashutosh sent Mr. Chang certain power point slides from a Delphix Board of Directors meeting. Actifio denies the remaining allegations in paragraph 47.

48. Actifio admits that Mr. Ashutosh received documents describing Delphix technology as early as 2008. Actifio admits the documents at Bates numbers ACT00012008-20 and ACT00013794 describe certain aspects of Delphix technology. Actifio denies the remaining allegations in paragraph 48.

49. Actifio admits that Mr. Ashutosh was aware of certain documents describing Delphix's technology prior to the November 16, 2010 filing date of the '769 patent. Actifio denies the remaining allegations in paragraph 49.

50. Actifio admits that it knew of the Delphix patents that were asserted in the Northern District of California, as of October 2013. Actifio denies the remaining allegations in paragraph 50.

51. Actifio denies the allegations in paragraph 51.

52. Actifio admits that the inventors of the '769 patent declared under oath that they are "the original and first inventor(s) of the subject matter which is claimed and for which [the '769] patent is sought." Actifio denies the remaining allegations of paragraph 52.

53. Actifio denies the allegations in paragraph 53.

54. Actifio denies the allegations in paragraph 54

### Counterclaim Count Three
**(Declaratory Judgment of Non-Infringement of U.S. Patent Nos. 8,299,944)**

55. Actifio restates its responses to paragraphs 1-54 above and incorporates them herein.

56. Actifio admits that it is the owner of all right, title, and interest in U.S. Patent No. 8,299,944 (the "'9944 patent"). Actifio admits that it has sued Delphix in the present action, alleging infringement of the '9944 patent.

57. Actifio denies the allegations in paragraph 57

58. Paragraph 58 contains legal conclusions to which no answer is required.

59. Actifio denies the allegations in paragraph 59.

### Counterclaim Count Four
**(Declaratory Judgment of Invalidity of U.S. Patent Nos. 8,299,944)**

60. Actifio restates its responses to paragraphs 1-59 above and incorporates them herein.

61. Actifio admits that it is the owner of all right, title, and interest in the '9944 patent. Actifio admits that it has sued Delphix in the present action, alleging infringement of the '9944 patent.

62. Actifio denies the allegations in paragraph 62.

63. Paragraph 63 contains legal conclusions to which no answer is required.

64. Actifio denies the allegations in paragraph 64.

## Counterclaim Count Five
**(Declaratory Judgment of Non-Infringement of U.S. Patent Nos. 8,788,769)**

65.    Actifio restates its responses to paragraphs 1-64 above and incorporates them herein.

66.    Actifio admits that it is the owner of all right, title, and interest in the '769 patent. Actifio admits that it has sued Delphix in the present action, alleging infringement of the '769 patent.

67.    Actifio denies the allegations in paragraph 67.

68.    Paragraph 68 contains legal conclusions to which no answer is required.

69.    Actifio denies the allegations in paragraph 69.

## Counterclaim Count Six
**(Declaratory Judgment of Invalidity of U.S. Patent Nos. 8,788,769)**

70.    Actifio restates its responses to paragraphs 1-69 above and incorporates them herein.

71.    Actifio admits that it is the owner of all right, title, and interest in the '769 patent. Actifio admits that it has sued Delphix in the present action, alleging infringement of the '769 patent.

72.    Actifio denies the allegations in paragraph 72.

73.    Actifio denies the allegations in paragraph 73.

74.    Paragraph 74 contains legal conclusions to which no answer is required.

75.    Actifio denies the allegations in paragraph 75.

## Counterclaim Count Seven
**(Declaratory Judgment of Non-Infringement of U.S. Patent Nos. 8,904,126)**

76.    Actifio restates its responses to paragraphs 1-75 above and incorporates them herein.

77. Actifio admits that it is the owner of all right, title, and interest in the '126 patent. Actifio admits that it has sued Delphix in the present action, alleging infringement of the '126 patent.

78. Actifio denies the allegations in paragraph 78.

79. Paragraph 79 contains legal conclusions to which no answer is required.

80. Actifio denies the allegations in paragraph 80.

## Counterclaim Count Eight
### (Declaratory Judgment of Invalidity of U.S. Patent Nos. 8,904,126)

81. Actifio restates its responses to paragraphs 1-80 above and incorporates them herein.

82. Actifio admits that it is the owner of all right, title, and interest in the '126 patent. Actifio admits that it has sued Delphix in the present action, alleging infringement of the '126 patent.

83. Actifio denies the allegations in paragraph 83.

84. Actifio denies the allegations in paragraph 84.

85. Paragraph 85 contains legal conclusions to which no answer is required.

86. Actifio denies the allegations in paragraph 86.

## DEMAND FOR JURY TRIAL

Actifio admits that Delphix purports to demand a trial by jury on all issues so triable, but to the extent that there are any allegations and/or averments in such demand, they are denied.

## RESPONSE TO DELPHIX'S PRAYER FOR RELIEF

The "Wherefore" paragraph and subparagraphs (a) through (f) in the Counterclaims state Delphix's Prayer for Relief, to which no answer is required. To the extent an answer is required, Actifio denies the allegations in the Complaint's Prayer for Relief and denies that Delphix is entitled to relief.

## GENERAL DENIAL

Actifio denies each and every allegation contained in the Counterclaims to which Actifio has not specifically responded or expressly admitted.

## DEFENSES

Subject to the responses above, Actifio alleges and asserts the following defenses in response to the allegations set forth in the Counterclaims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses and affirmative defenses set forth below, and subject to its responses above, Actifio specifically maintains the right to allege additional defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may become known through the course of litigation discovery and further factual investigation in this case.

## FIRST DEFENSE
### (Failure to State a Claim)

Delphix has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE
### (Defense – Other)

Actifio intends to rely upon any additional defenses that become available or apparent during discovery, and reserves its right to amend this pleading and to assert such additional defenses or, if appropriate, delete any of the above-delineated defenses as discovery proceeds.

WHEREFORE, Actifio asks that Delphix's Counterclaims be dismissed with prejudice, that judgment be entered for Actifio, and/or that Actifio be awarded its attorneys' fees, expenses, and costs incurred in defending against Delphix's Counterclaims, together with such other relief the Court deems appropriate.

## ACTIFIO'S PRAYER FOR RELIEF

WHEREFORE, Actifio respectfully requests that the Court enter judgment in its favor and against Delphix, granting the following:

A. Judgment that Delphix take nothing on its Counterclaims;

B. Judgment that Delphix's Counterclaims are dismissed with prejudice and that all relief requested by Delphix is denied with prejudice;

C. Judgment and a declaration that Actifio's patents are enforceable and not unenforceable for inequitable conduct;

D. An award of costs and expenses in this action;

E. An award to Actifio of such further relief, in law or in equity, as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Actifio demands a trial by jury on all issues properly triable to a jury.

Dated: June 8, 2015

Respectfully submitted,

*/s/ Steven J. Pacini*
Steven J. Pacini
**COUNSEL FOR PLAINTIFF ACTIFIO, INC.**

Steven J. Pacini #676132
LATHAM & WATKINS LLP
John Hancock Tower, 20th Floor
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
Email: steven.pacini@lw.com

Maximilian A. Grant (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: max.grant@lw.com

S. Giri Pathmanaban (*pro hac vice*)
Yasamin Parsafar (*pro hac vice*)
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
Email: giri.pathmanaban@lw.com
Email: yasamin.parsafar@lw.com

Attorneys for Plaintiff
ACTIFIO, INC.

**LOCAL RULE 5.2(b) CERTIFICATE OF SERVICE**

      I certify that this document (filed through the ECF system) will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 8, 2015.

                                         */s/ Steven J. Pacini*
                                         Steven J. Pacini