**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON**

| | |
|---|---|
| ACTIFIO, INC., <br><br> Plaintiff, <br><br> v. <br><br> DELPHIX CORP., <br><br> Defendant. | Case No. 1:14-cv-13247-DJC |

**ACTIFIO, INC.'S RESPONSE TO DELPHIX CORP.'S
SUPPLEMENTAL CLAIM CONSTRUCTION SUBMISSION**

Plaintiff Actifio, Inc. hereby responds to Defendant Delphix Corp.'s Supplemental Claim Construction Submission. Actifio requests that Delphix's supplemental submission be stricken and disregarded because it was filed without leave of court pursuant to Local Rule 7.1(b)(3), and because it unfairly and belatedly mischaracterizes the testimony of Actifio's expert. In support of this response, Actifio states the following:

1. On November 19, 2015, a few hours after the parties and the Court had concluded a *Markman* Hearing, Delphix filed a "Supplemental Claim Construction Submission" (D. 111), without seeking prior leave of court, as required by Local Rule 7.1(b)(3).[1] At no point during the *Markman* Hearing did Delphix inform the Court or Actifio's Counsel that it intended to make such a filing. Nor did the Court request any additional papers to be filed after the *Markman* Hearing (other than submissions of the PowerPoint presentations of both parties).

2. Delphix does not even attempt to provide authority for the propriety of its unsolicited "submission." Instead, Delphix claims that, through its submission, it is merely preserving the evidentiary record of the purported admissions made by Actifio's expert (Dr. Darrell Long) that it addressed at the *Markman* Hearing. D. 111 at 2. Delphix does not explain why it waited until ***after*** the *Markman* Hearing—nearly ***two weeks after*** deposing Dr. Long (on November 6, 2015)—to file its supplementation. Nor does it explain why it failed to inform the Court and Actifio's counsel at the *Markman* Hearing about its intention to file a supplementation. The most plausible explanation is that Delphix wanted to deny Actifio a fair opportunity to respond.[2]

---

[1] Local Rule 7.1(b)(3) provides that, "[a]ll other papers [that are not motions or oppositions to a motion] whether in the form of a reply brief or otherwise, may be submitted only with leave of court."

[2] After unilaterally filing its supplemental submission, and in response to Actifio's meet and confer efforts, Delphix attempted to withdraw its supplementation and file a motion for leave

3.      Further, rather than simply attach the deposition transcript without argument, the supplemental submission asserts (falsely) that Dr. Long purportedly made a "number of material admissions," plucks snippets from Dr. Long's deposition testimony out of context, and then places those misleading snippets in a table comparing it with the arguments Actifio presented in its briefs. *Id*. at 2-3. No such table of comparison was presented at the *Markman* Hearing. Delphix should not be permitted to mischaracterize Dr. Long's testimony after the conclusion of the *Markman* Hearing.

4.      Delphix cannot skirt the requirements of L.R. 7.1(b)(3) by inaccurately styling its paper as a "Supplemental Claim Construction Submission," rather than the more accurate description—which is a Sur-reply Claim Construction Brief.

5.      Putting aside the misleading and out-of-context snippets Delphix presents, Dr. Long's testimony at deposition was fully consistent with arguments in Actifio's claim construction briefing. By way of example despite Delphix's suggestion that the '9944 patent does not disclose delta compression (D. 111 at 4), Dr. Long testified unequivocally that the patent describes delta compression:

> A.   In the declaration is column 4, lines 60 through 63 [of the '9944 patent], where, if they're not giving you the algorithm, they're clearly thinking
> Q.   So –
> A.   -- "In fact today's copy of the data could be represented as yesterday's copy with a series of delta transformations, where the size of the delta transformations themselves are usually much smaller than all of the data in the copy itself." ***So that's -- that's delta compression.***
>                                  …

---

to file the supplementation. Any paper that Delphix files in response to this filing should be stricken as well—Delphix should not be permitted to file serial papers making substantive claim construction arguments, after the Court has held a *Markman* Hearing and after the claim construction record has closed, thus denying Actifio a fair opportunity to respond. Actifio reserves the right to file a response to any further paper that Delphix files regarding claim construction.

> Q. And there's no description at all of using a delta algorithm as the non-lossy encoding that is used to calculate the handle that goes in the hash field for the content addressable store?
>
> A. Well, ***there's certainly description of we should use delta encoding. Any person of ordinary skill in the art would say this is great***. And I would use -- look at -- I would ***look at the delta encoding, and if that fits in the field, I'm really happy*** because I can do arbitrary amounts of data there.

Long Dep. Tr., Ex. 1 at 56:9-21; *id*. at 60:10-20.[3] Delphix's supplemental "submission" includes several other bad mischaracterizations of Dr. Long's testimony.[4]

6. Local Rule 7.1(b)(3) requires that Delphix's "Supplemental Claim Construction Submission" be stricken. Regardless, even if this Court's permitted such supplementation (instead of expressly barring it), it should nonetheless be stricken because it unfairly seeks to make new arguments not presented previously, and repeatedly mischaracterizes Dr. Long's testimony.

7. WHEREFORE, Actifio respectfully requests that the Court strike Delphix's Supplemental Claim Construction Submission (D. 111), and grant any other relief that it deems just and fair. In the alternative, in the interests of fairness, the Court should respectfully consider

---

[3]  All emphases added unless otherwise noted.

[4]  As another example, despite Delphix's admission that the term "non-lossy encoding technique" is ***not limited*** "to the run-length encoding or any other specific algorithm," (D. 101 at 9), Delphix continues to mischaracterize testimony regarding not having to go to disk to retrieve data in the case of run length encoding as a reason why the claim purportedly excludes other types of compression techniques. D. 111 at 3 (citing to testimony in response to questioning about run-length encoding in comparison with Actifio's arguments regarding delta compression). But Dr. Long testified that what applies to run length encoding does not apply to other compression schemes covered by the scope of the claims:

> Q. And that's why the run-length encoding is put in the hash field of the handle only if it can fully represent the data chunk?
>
> A. Well, ***in case of run-length encoding***, it wouldn't make sense otherwise. Algorithmically it doesn't make any sense. ***Other things do make sense***.

Long Dep Tr. at 29:15-20.

the table provided below, which corrects mischaracterizations of Dr. Long's testimony in Delphix's Supplemental Claim Construction Submission. The table compares Actifio's arguments and Dr. Long's deposition testimony that confirms and fully supports those arguments, contrary to Delphix's mischaracterizations. A highlighted version of Dr. Long's deposition transcript is also attached as Ex. 1.

| **Actifio's Claim Construction Arguments / Evidence** | **Deposition Testimony of Actifio's Expert That Confirms Actifio's Arguments** |
|---|---|
| "The passage above ['9944 patent at 4:60-66] describes a well-known lossless compression technique called '*delta* compression.' … Delphix's proposed construction would exclude the delta compression technique taught in, e.g., col. 4 of the '9944 patent from its claims."<br>Actifio Responsive Brief, Dkt. 102 at 5-6 (emphasis original). | A. In the declaration is column 4, lines 60 through 63, where, if they're not giving you the algorithm, they're clearly thinking about doing computing deltas here. So –<br><br>Q.: So –<br><br>A. "In fact today's copy of the data could be represented as yesterday's copy with a series of delta transformations, where the size of the delta transformations themselves are usually much smaller than all of the data in the copy itself."<br>So that's – *that's delta compression*.<br><br>Ex. 1 at 56:9-21.<br><br>Q. And there's no description at all of using a delta algorithm as the non-lossy encoding that is used to calculate the handle that goes in the hash field for the content addressable store?<br><br>A. Well, *there's certainly description of we should use delta encoding. Any person of ordinary skill in the art would say this is great*.<br><br>Ex. 1 at 60:10-16. |
| "… Delphix further argues that the claimed non-lossy encoding must be limited to only | Q. There's no description in the patent of comparing a delta compression of anything |

| **Actifio's Claim Construction Arguments / Evidence** | **Deposition Testimony of Actifio's Expert That Confirms Actifio's Arguments** |
|---|---|
| those algorithms that can reconstitute the data 'entirely' from the encoded content itself. Dx Br. at 13.  Again, Delphix's argument is devoid of any support from the intrinsic record." <br> (Actifio Responsive Brief, Dkt. 102 at 4.) | with the size of a hash field; right? <br><br> A. There's a discussion of comparing the size of a non-lossy algorithmic encoding. <br><br> Q. Right. That's all that it says. It doesn't say anything about delta compression is an example of that. <br><br> A. ***Delta compression is a non-lossy algorithmic encoding.*** <br><br> Ex. 1. at 63:13-25. <br><br> ************** <br> Q. Right. There is no description in this patent, including what you pointed to at column 4, of using delta compression as that non-lossy encoding, the output of which is compared against the size of a hash field in a handle, is there? <br><br> A They say an algorithmic encoding, and ***they give an example of RLE***. <br><br> Q. Right. <br><br> A. Because that's an easy and obvious one. You ***can do delta compression just as easily here.*** <br><br> Ex. 1 at 57:24-58:10. |
| "… the record shows that non-lossy encodings other than lossless compression algorithms were well known at the time of the invention.  The patent itself, for example, describes 'encryption' as one. *See* '9944 patent, Fig. 11 & 27:27-28." <br> (Actifio Responsive Brief, Dkt. 102 at 2.) | Q. Sitting here today, you can't point me to any description in the '944 patent of encryption as being described as a non-lossy encoding, can you? <br><br> A. You know, I don't really think I need to because ***encryption is clearly a non-lossy*** |

6

| **Actifio's Claim Construction Arguments / Evidence** | **Deposition Testimony of Actifio's Expert That Confirms Actifio's Arguments** |
|---|---|
| | *encoding.* |
| | Ex. 1 at 19:9-13. |
| | \*\*\*\*\*\*\*\*\*\*\*\*\*\*\* |
| | Q. And there's no description of the data hash generator performing any encryption, is there? |
| | A. It's says "a non-lossy algorithmic encoding." It's a nice, fairly general – general thing. It could be encryption. It could be any number of non-lossy encodings. |
| | Ex. 1 at 17:19-24. |
| Ex. B to Decl. of G. Pathmanaban in Support of Actifio Responsive Brief, Dkt. 102-3 (Long Deposition Ex. 53), Blum & Stephan, *Using ISO/IEC's Image Interchange Facility (IIF) for Medical Image Data Communication*, Proceedings of the International Symposium (1993). | "Q. So if you look in this Exhibit B, does it actually ever use the term "non-lossy encoding"? |
| | A. It says "lossless data communication." So that ***means it's a non-lossy encoding***. That's on page 242. |
| | Q. Well, it doesn't say the term "non-lossy encoding," does it? |
| | A. A person of ordinary skill in the art would know that "lossless data communication" ***means you have to encode it in a lossless way."*** |
| | Ex. 1 at 82:4-13. |

November 23, 2015								Respectfully submitted,

/s/ *S. Giri Pathmanaban*
Steven J. Pacini #676132
LATHAM & WATKINS LLP
John Hancock Tower, 20th Floor
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
Email: steven.pacini@lw.com

Maximilian A. Grant (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: max.grant@lw.com

S. Giri Pathmanaban (*pro hac vice*)
Yasamin Parsafar (*pro hac vice*)
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
Email: giri.pathmanaban@lw.com
Email: yasamin.parsafar@lw.com

Attorneys for Plaintiff Actifio, Inc.

## LOCAL RULE 7.1(a)(2) CERTIFICATE

      I certify pursuant to Local Rule 7.1(a)(2) that counsel for Actifio conferred with counsel for Delphix regarding its unauthorized supplemental submission. Delphix refused to withdraw its submission, and instead proposed that Actifio consent to a belated motion for leave to file its supplemental submission. Actifio declined to consent, and Delphix opposes Actifio's efforts to strike Delphix 's submission.

                                                   /s/ S. Giri Pathmanaban  
                                                   S. Giri Pathmanaban

## LOCAL RULE 5.2(b) CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 23, 2015.

                                                     /s/ S. Giri Pathmanaban  
                                                 S. Giri Pathmanaban